104 F.3d 351
 73 Fair Empl.Prac.Cas. (BNA) 192
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jane E. MULQUEEN, as Administratrix of the Estate of Francis
J. Mulqueen, Jr., Plaintiff-Appellee,
v.
DAKA, INC., Defendant-Appellant.
 No. 96-7036.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 APPEARING FOR APPELLANT:John E. Coyne, Menard, Murphy & Walsh, Boston, Mass.
 APPEARING FOR APPELLEE:Daniel R. Burke, East Nassau, N.Y.
 Before NEWMAN, C.J., LUMBARD and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Defendant Daka, Inc., appeals from the December 13, 1995, judgment of the District Court denying Daka's post-trial motions for judgment as a matter of law and for a new trial following a jury verdict in favor of plaintiff-appellee Jane E. Mulqueen, as administratrix of the estate of Francis J. Mulqueen, Jr. ("Mulqueen"), finding that Daka had discharged Mulqueen because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Daka argues that evidence was insufficient to support the jury's verdict because appellee failed to demonstrate that appellant's proffered non-discriminatory reasons for Mulqueen's discharge were pretextual. Appellant also claims that the District Court erred in instructing the jury that Mulqueen was "qualified" as a matter of law for the purpose of establishing appellee's prima facie case.
 
 
 4
 Mulqueen began working for Daka in 1979 and was employed as a manager of a dining hall on the campus of Rensselaer Polytechnic Institute ("RPI") at the time of his discharge in 1991. Mulqueen's available performance evaluations during this period uniformly indicated satisfactory performance. At the time of his discharge, Mulqueen was sixty years old and earned $39,000 per year, the highest among food service managers at RPI. His replacement was twenty-eight years old and earned less than $30,000 per year when he took over Mulqueen's position.
 
 
 5
 1. There was sufficient evidence to support the jury's finding that Daka's proffered reasons at the second McDonnell Douglas stage were pretextual. See McDonnell Douglas Corp. v. Green, 411, U.S. 792, 802-04 (1973). Daka offered three specific non-discriminatory explanations for Mulqueen's dismissal: (1) Mulqueen purchased products from unapproved vendors; (2) Mulqueen had difficulty getting along with some of the students at the dining hall; and (3) an RPI official gave Daka an ultimatum to fix the problems at Mulqueen's dining hall.
 
 
 6
 To establish pretext, an ADEA plaintiff "is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir.1995). Thus, under Cronin, even if Mulqueen concedes the truth of the reasons offered by Daka, he can still demonstrate pretext by providing either (1) evidence permitting the jury to believe that, even if true, Daka's proffered reasons played no role in its decision to discharge Mulqueen, or (2) evidence permitting the jury to conclude that, even though the proffered reasons are true and played a role in Mulqueen's discharge, discrimination based on age was still a motivating factor behind that decision. We conclude that appellee produced sufficient evidence to rebut the appellant's proffered reasons and to support the jury's finding that these explanations were pretextual.
 
 
 7
 First, appellee offered testimony showing that Daka allowed managers to purchase from unapproved vendors in emergencies. There was also evidence that the products available from the approved vendors were unsatisfactory. Moreover, Mulqueen's most recent performance evaluation indicated that his purchasing procedures had improved over the years.
 
 
 8
 Second, appellee provided evidence showing that student complaints about the quality of campus food service came from all over RPI. Moreover, all of Mulqueen's performance appraisals indicated that he had good relations with students.
 
 
 9
 Third, appellee offered testimony from an RPI official indicating that Mulqueen's performance had nothing to do with RPI's cancellation of its contract with Daka. This official also testified that he knew of no specific complaints made to RPI concerning Mulqueen.
 
 
 10
 Fourth, the jury could rely on the fact that Mulqueen was given an important additional responsibility several months prior to his dismissal, a circumstance that tended to rebut some of the proffered justifications. Finally, the inconsistencies between the reasons for Mulqueen's discharge proffered by Daka at trial and those stated in its termination letter to Mulqueen lent some support to a finding of pretext.
 
 
 11
 2. The District Court was correct in finding that Mulqueen was "qualified" as a matter of law for the purpose of satisfying appellee's prima facie case. This Circuit has held that "McDonnell Douglas requires only a minimal showing of qualification to establish a prima facie case. [A plaintiff] only needs to demonstrate that she 'possesses the basic skills necessary for performance of the job.' " Owens v. New York City Housing Authority, 934 F.2d 405, 409 (2d Cir.) (citation omitted), cert. denied, 502 U.S. 964 (1992). Mulqueen's lengthy service with Daka, coupled with his positive performance evaluations, sufficiently establishes that he possessed the basic competence to perform the job of food service manager.